**The below described is SIGNED.**

**Dated: May 06, 2008**

_____
**WILLIAM T. THURMAN**
**U.S. Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re: | |
| **Leo Floyd Andrews and Susan L. Andrews,** | Bankruptcy Number 07-22924 |
| Debtors. | Chapter 7 |

**MEMORANDUM DECISION**

The matter before the Court is the Debtors' motion for turnover of a portion of their 2007 income tax refunds, and the chapter 7 Trustee's request that the amount of the tax refunds otherwise due to the Debtors be offset by a portion of the stimulus payment expected to be paid to the Debtors pursuant to the Economic Stimulus Act of 2008 (the "Economic Stimulus Act").[1] The Court conducted a hearing on May 5, 2008 at which the chapter 7 Trustee appeared through counsel, Anthony M. Grover, and the Debtors appeared with counsel, Scott B. Mitchell. The Court has considered the written and oral arguments of counsel and now issues this Memorandum Decision.

For the reasons set forth herein, the Court grants the Debtors' motion for turnover and

_____

[1] Economic Stimulus Act of 2008, Pub. L. No. 110-185, 122 Stat. 613.

1

determines that money received by the Debtors post-petition pursuant to legislation enacted by Congress after the Debtors filed for chapter 7 relief is not property of the bankruptcy estate.

## I. JURISDICTION AND VENUE

The Court has jurisdiction over this matter under 28 U.S.C. § 1334 and 157(b)(2)(A). Venue is appropriate under 28 U.S.C. § 1408(1).

## II. BACKGROUND

The facts are not in dispute. The Debtors filed a voluntary chapter 7 bankruptcy petition on June 28, 2007. On February 13, 2008, Congress enacted, and President George W. Bush signed into law, the Economic Stimulus Act. Pursuant to the new law, stimulus payments in various amounts are to be (or are presently being) issued to eligible taxpayers.[2]

The Debtors filed federal and state tax returns in 2007 and received income tax refunds totaling $5,235.[3] In accordance with the chapter 7 Trustee's ("Trustee") directive, the Debtors delivered all of their 2007 tax refunds to the Trustee. By letter dated April 8, 2008, the Trustee notified the Debtors' attorney that a check in the amount of $1,012.25 (representing the Debtors' pro rata share of the 2007 tax refunds minus bank/credit union account funds in the amount of $469.79 and the Debtors' anticipated $1,200 economic stimulus payment) was being hand-delivered to Mrs. Andrews that day. On April 10, 2008, the Debtors filed a motion for turnover of the $1,200 amount retained by the Trustee and scheduled a hearing for May 5, 2008.

---

[2] The Economic Stimulus Act provides that any qualified individual shall receive a payment equal to that taxpayer's net income liability, but no more than $600 for a single person or $1,200 for a married couple filing a joint return. Individuals with no net tax liability are eligible to receive a stimulus payment, provided they had minimum qualifying income of $3,000 in 2007 and filed a tax return. Stimulus payments are phased out for taxpayers with adjusted gross incomes greater than $75,000 in 2007 or $150,000 for married couples filing jointly.

[3] Of this amount, approximately $2,552 was attributable to pre-petition withholdings.

Case 07-22924   Doc 27   Filed 05/06/08   Entered 05/06/08 12:28:50   Desc Main
                          Document      Page 3 of 7

## III.  ANALYSIS

The Debtors, who qualify as "taxpayers" under the Economic Stimulus Act, are potentially eligible for a stimulus payment in the amount of $1,200. The question before the Court is whether the anticipated stimulus payment is property of the estate pursuant to § 541(a).[4] If it is, a pro rata portion of the $1,200 retained by the Trustee should remain with the Trustee as property of the estate. If it is not, the $1,200 retained by the Trustee should be turned over to the Debtors.

Section 541(a)(1) provides that a debtor's bankruptcy estate is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." The Tenth Circuit Court of Appeals ("Tenth Circuit") has held that the scope of § 541(a) "is broad and should be generously construed, and that an interest may be property of the estate even if it is 'novel or contingent.'"[5] However, the scope of § 541(a) is not without its limits. "[Section 541(a)(1)] is limited temporally by the plain language of the statute to interests that exist as of the commencement of the case, and is further limited by the scope and definition given to the phrase 'all legal and equitable interests.'"[6]

The approach taken to § 541(a)(1) by the Eighth Circuit BAP in Drewes v. Vote (In re Vote)[7] is instructive in the present case. In In re Vote, the Court held that post-petition payments

---

[4]All statutory references herein are to the Bankruptcy Code unless stated otherwise.

[5]See In re Montgomery, 224 F.3d 1193, 1194 (10th Cir. 2000) quoting Barowsky v. Serelson, 946 F. 2d 1516, 1518-19 (10th Cir. 1991).

[6]See Drewes v. Vote (In re Vote), 261 B.R. 439, 442 (8th Cir. BAP 2001). See, e.g., In re Lambert, 283 B.R. 16 (9th Cir. BAP 2002).

[7]Id.

3

received by a debtor pursuant to two federal agricultural assistance and crop disaster programs were not property of the debtor's estate because the legislation creating the debtor's right to such payments was not enacted until after the debtor filed his bankruptcy.[8] The Court stated: "As of the date the Debtor filed his bankruptcy petition, he may have had, at most, an expectation that Congress would enact legislation authorizing crop disaster or assistance payments to farmers affected by the weather conditions in 1999, but there was no assurance that Congress would authorize such payments or that the Debtor would qualify for them if they were authorized. It was equally likely that Congress would *not* pass such relief legislation. Such an expectancy (or 'hope,' if you will) does not rise to the level of a 'legal or equitable interest' in property such that it might be considered property of the estate under 11 U.S.C. § 541(a)(1)."[9] This Court finds the Eight Circuit BAP's analysis persuasive in this case.

The issue presented with regard to the Debtors is whether their anticipated economic stimulus payment is excluded from the bankruptcy estate. Similar to the facts of In re Vote, the federal legislation that authorizes and funds payments to eligible taxpayers pursuant to the Economic Stimulus Act had not been enacted as of the date of the Debtors' petition.[10] The Debtors may have had, at most, a "hope" that Congress would enact legislation authorizing a stimulus payment to boost the United States' economy, but there was no assurance that Congress would authorize such payments or that the Debtors would qualify for them if they were

---

[8] See, e.g., In re Howell, 2001 WL 35814432 (Bankr. D. Idaho 2001) (debtor filed chapter 7 petition six months before the Economic Growth and Tax Relief Reconciliation Act of 2001 was adopted; therefore, debtor's refund was not property of the estate).

[9] Id. at 444.

[10] Indeed, there is no evidence that Congress was even considering such legislation in June 2007.

authorized. Accordingly, the Court concludes that these Debtors had no legal or equitable interest in a stimulus payment that might be considered property of the estate under § 541(a)(1). Therefore, the right to the stimulus payment did not pass to the bankruptcy estate when the Economic Stimulus Act was enacted.

The Trustee argues that the economic stimulus payment is analogous to the federal earned income tax credit ("EIC") which the Tenth Circuit and other courts have characterized as property of the estate in bankruptcy proceedings.[11] The Court disagrees with this analysis and determines that for this case the inquiry is best determined by treating the date of petition as the deciding factor and applying the analysis of In re Vote.

## IV. CONCLUSION

Based on the foregoing, the Court grants the Debtors' motion for turnover of the Debtors' remaining pro rata share of the 2007 income tax refunds and determines that money received by these Debtors post-petition under the Economic Stimulus Act is not property of the bankruptcy estate.

The Court's determination is limited to the facts of the present case. The Court specifically declines to determine whether stimulus payments received by individual debtors in

---

[11]See In re Montgomery, 224 F.3d 1193 (10th Cir. 2000). In In re Montgomery, the debtors in four chapter 7 bankruptcy proceedings filed bankruptcy petitions in 1996 and received EICs in 1997 as part of their 1996 tax refunds. The chapter 7 trustees sought to include as part of the bankruptcy estates portions of the EICs. The bankruptcy court ruled that because an EIC does not accrue until the end of a debtor's tax year, no portion of the EIC becomes property of the bankruptcy estate if the debtor files for bankruptcy before the end of that tax year. The Tenth Circuit BAP reversed the bankruptcy court and, on further appeal, the Tenth Circuit affirmed.

5

chapter 13 cases,[12] or chapter 11 cases,[13] or received by debtors who filed chapter 7 petitions after the effective date of the Economic Stimulus Act are property of the estate under § 541(a)(1).

A separate order accompanies this Memorandum Decision.



---

[12] Pursuant to § 1306(a)(1), property of the bankruptcy estate in a chapter 13 case includes "all property . . . that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted . . ."

[13] Pursuant to § 1115(a)(1), property of the bankruptcy estate in a chapter 11 case includes "all property of the kind specified in section 541 that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted . . ."

Service of the foregoing **MEMORANDUM DECISION** will be effected through the Bankruptcy Noticing Center to each party listed below.

Scott B. Mitchell
2469 East 7000 South, Suite 204
Salt Lake City, UT 84121
*Attorney for Debtors*

Leo Floyd Andrews and Susan L. Andrews
2865 South 8900 West
Magna, UT 84044
*Debtors*

Elizabeth R. Loveridge
Anthony M. Grover
265 East 100 South, Suite 300
Salt Lake City, UT 84110-3358
*Chapter 7 Trustee*